U.S. Department of Justice

United States Attorney
Southern District of New York

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

January 25, 2008

BY FEDERAL EXPRESS

Jorge Guttlein & Associates
291 Broadway, Suite 1500
New York, NY 10007

Re:   United States v. Dismaris Castro
      07 Cr. 452

Dear Mr. Guttlein:

This letter provides discovery pursuant to Rule 16(a) of the Federal Rules of Criminal Procedure ("Fed. R. Crim. P."), and seeks reciprocal discovery. As we have previously discussed, discovery was produced later than originally set in this case because you asked to bring your client in for a proffer and it was easier to evaluate the truthfulness of her explanation before she learned through discovery what the Government already knew. Should you need any additional time to consider motions, please contact me in advance and I will consent.

Disclosure By the Government

The Government has already provided you with copies of the indictment in this case, and your client's criminal history was made available by Pretrial Services at her presentment (it is our understanding that she has no criminal history).

We are producing DEA reports stamped 1-16, which reflect your client's post-arrest statement as well as certain other investigative steps (such as surveillance) concerning your client. Certain information in those reports is no discoverable under Rule 16 but we are providing it for your convenience in any event.

Documents stamped 1000 to 1484 consist primarily of line sheets and assorted Court orders from Title III interceptions in this case on two telephone numbers used by Mario Fonnegra. The calls (in Spanish) can also be found on CD-1 and CD-2 enclosed. Also included

Jorge Guttlein, Esq.
January 25, 2008
Page 2

in the range 1000 to 1484 are telephone subscriber records and records of drugs seized from other co-conspirators in the case. In fact, approximately ten kilograms of heroin was seized in connection with this case from other conspirators (not your client) and the Government can provide additional information about these seizures should you desire. Money was also seized from several co-conspirators in this case. From our discussions to date, it appears that your client's defense would not be that there was no heroin conspiracy but would instead simply relate to her knowing participation.

The Government recognizes its obligations under *Brady v. Maryland*, 373 U.S. 83 (1963), and its progeny. The Government is currently unaware of any *Brady* material, but will provide timely disclosure if any such material comes to light. The Government will provide material under *Giglio v. United States*, 405 U.S. 150, 154 (1972), and its progeny, in a timely manner and prior to the witness's testimony

The Government recognizes that its obligation to provide discovery is of a continuing nature, and the Government will supplement this response if it obtains additional evidence and materials.

### Disclosure By the Defendant

In light of your request for the foregoing discovery, the Government hereby requests reciprocal discovery under Fed. R. Crim. P. 16(b). Specifically, we request that you allow inspection and copying of: (1) any books, papers, documents, photographs, tangible objects, or copies or portions thereof, which are in the defendant's possession, custody or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial; and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, which are in the defendant's possession or control, and which the defendant intends to introduce as evidence or otherwise rely on at trial or which were prepared by a witness whom the defendant intends to call at trial.

The Government also requests that the defense disclose prior statements of witnesses it will call to testify. See Fed. R. Crim. P. 26.2; United States v. Nobles, 422 U.S. 225 (1975). We request that such material be provided on the same basis upon which we agree to supply the defendant with 3500 material relating to Government witnesses.

We wish to remind you that Fed. R. Crim. P. 12.2 requires you to provide the Government with written notice if the defendant intends to rely on the defense of insanity at the time of the alleged crime or intends to introduce expert testimony relating to a mental disease, defect, or other condition bearing upon the issue of whether he had the mental state required for the offenses charged.