

LAW OFFICES OF

*Jorge Guttlein & Associates*

**291 Broadway, Suite 1500**
**New York, N.Y. 10007**

Tel: (212) 608-7575                                   Fax: (212) 385-0231

December 18, 2007

Arlow Davlin Brown, Esq.
Assistant United States Attorney
Southern District Of New York
One St. Andrew's Plaza
New York, New York 10007

Re: <u>United States v. Dismaris Castro</u>
07 cr 452

Dear Mr. Brown:

     Please accept this letter in lieu of a formal motion for discovery and particulars. In accordance with Federal Rules of Criminal Procedure 16(as amended, effective December 1, 1991), 7(f), 12(c), and 12(d), and Federal Rules of Evidence, Rules 104, 403, 404, 608, and 609, I ask on behalf of the defendant for the right to receive, duplicate, discover and inspect each of the following:

**DISCOVERY**

     Pursuant to Federal Rules of Criminal Procedure, Rule 16(a)(1)(A)(as amended, effective December 1, 1991); <u>Bruton v. United States</u>, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1967); and, <u>United States v. Percevault</u>, 490 F.2d 126 (2d Cir. 1974);

     a. Please provide and permit me to inspect and copy or photograph any relevant written, recorded, or oral statements made by the defendant, co-defendants, and/or alleged co-conspirators indicted or unindicted, or copies thereof, including but not limited to tapes, transcripts or verbatim notes memorializing the words of the defendant, and also including, but not limited to, any statement which the defendant made orally or in writing or which bears the defendant's signature relating in any way to a report as defined in Title 31, United States Code, Section 531(b), which are in the possession, custody, or control of the government, the

existence of which is known, or by exercise of due diligence may become known, to the attorney for the government. Please state the names of any and all individuals who made the written or recorded statements or who were present when the statements were made;

    b. Please state whether any statements were obtained through the use of electronic surveillance, and if so, provide copies of any and all warrants of such surveillance, sealing orders, logs, supporting affidavits and reports of returns on the warrants connected with his case, and whether any arrests, seizures, or electronic surveillance were made as a result of the applications;

    c. Please provide and permit to inspect and copy the substance of any oral statement which the government intends to offer in evidence at the trial made by the defendant, co-defendants, and/or any indicted or unindicted alleged co-conspirators whether before or after arrest in response to interrogation by any person then known to the defendant, co-defendant and/or alleged co-conspirator to be a government agent, when such statements were made, who was present at the time whether Miranda warnings were given and the names of any individuals to whom these statements were made;

    d. Please indicate whether the government is in possession of any statements made by persons other than the defendant who it intends to offer under statements made by persons other than the defendant which it intends to offer under an exception to the hearsay evidentiary rules or which might possibly draw an objection to admissibility based on the rules. Please indicate the substance of any such statements and the theory under which the government contends they are admissible.

2. Pursuant to Federal Rules of Criminal Procedure 16(a)(1)(B), Federal Rules of Evidence Rules 403, 404, 608 and 609, United States v. Figueroa, 618 F.2d 934 (2d Cir. 1980), United States v. Mohel, 604 F. 2d 748 (2d Cir. 1979), United States v. Lyles, 593 F.2d 182 (2d Cir. 1979), United States v. Manafzadeh, 592 F.2d 81 (2d Cir. 1979), United States v. O'Connor, 580 F.2d 38 (2d Cir. 1978), United States v. DeVaughn, 579 F.2d 225 (2d Cir. 1978), United States v. Benedetto, 571 F. 2d 1246 (2d Cir. 1978);

    a. Please provide a legible copy of the F.B.I report or N.Y.S.I.D. report of defendant's prior criminal record, if any;

    b. Please state whether the government intends to offer evidence of prior or subsequent criminal bad acts of the defendant in connecting with this case, and if so, please provide the particulars of those acts including time, date, location of the commission of the acts, a description of the acts, and whether any court proceedings resulted, and if so, in what Court and with what result.

3. Pursuant to Federal Rules of Criminal Procedure Rule 16(a) (1) (c) and12(c), and <u>Payton v. New York</u>, 445 U.S. 573, 100 S.Ct. 1371, 63 L.Ed. 2d 639 (1980), <u>Mincey v. Arizona</u>, 437 53 L.Ed 2d 140 (1977), <u>Chimel v. California</u>, 395 U.S. 753, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969), <u>Simmons v. United States</u>, 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 (1968), <u>United States v. Chadwick</u>, 532 F.2d. 773 (1st Cir. 1976), aff'd. 433 U.S. 1, 97 S.Ct. 2476, 53 L.Ed.2d 538 (1977), please provide copies of or permit me to inspect and photograph the following:

   a. All books, papers, documents, photographs, drawings, film, video tape, tangible objects, buildings or places, personal effects taken from, or belonging to the defendant and any other physical evidence which is in the possession, custody or control of the government or its agents, which are material to this case, or trial, or which were obtained from or belong to the defendant;

   b. If any evidence obtained was taken from the defendant or belongs to the defendant state whether it was taken pursuant to a warrant, and if so please attach copies of all such warrant, supporting affidavits and reports of returns on all such warrants and provide the names of any officers involved, and the date, time and exact location of any seizure.

   c. If any evidence obtained was taken from the defendant or belongs to the defendant and was not taken pursuant to a warrant, please provide the names of any officers involved, the date, time and exact location of any such evidence seized, and state how it was packaged at the time of seizure;

   d. The exact location within the defendant's apartment, office, or personal property where each item was allegedly seized;

   e. If, during the course of the investigation of this matter, the defendant's photograph, likeness, or images was exhibited to anyone then employed by a law enforcement agency, please state the date, time and place of each occurrence an the names of the persons including counsel who were present.

4. Pursuant to Federal Rules of Criminal Procedure Rule 16(a)(1)(D); please provide copies, or permit me to inspect and copy the results or reports of any laboratory or scientific tests and experiments or computer analyses, including physical or mental examinations and reports thereof, in the possession or control of the government or its agents, the existence of which is known or could by due diligence become known to the attorney for the government intends to introduce at trial or which may be material to the preparation of the defense case.

5. Pursuant to <u>United States v. Giglio</u>, 405 U.S. 150, 92 S.Ct 763, 321 L.Ed.2d (1972), <u>Napue v. Illinois</u>, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), <u>United States v. Cannone</u>, 528, F.2d 296 (2d Cir. 1975) <u>United States v. Percevault</u>, 490 F.2d 170 (9th Cir. 1973), United States v. Richter, 488 F. 2d 170

(9th Cir. 1973), United States v. Baum, 482 F.2s 1325 (2d Cir, 1973) and Federal Rules of Evidence, Rules 608 and 609, please provide;

    a. A list of witnesses the government intends to call at trial, including the names and addresses of all persons said to have been present at or to have personal knowledge of any statements or actions of the defendant and their addresses, agency affiliation (if relevant) and criminal record, if any;

    b. Copies of prior statements of witnesses or reports of agents related to this case;

    c. The names and addresses of any persons present during any part of the commission of any of the acts alleged in the indictment whom the government does not intend to call as witnesses;

    d. Please provide a written list of the names, addresses, and qualifications of all experts the government intends to call as witnesses at trial, together with all reports have not been made, a brief description of the opinion and subject matter of the opinion to which each is to testify; and

    e. Copies of any "letter agreements" entered into, or any other agreement made, between the government or its agents and any prospective witness offering assistance to the witness in obtained leniency in any Court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the witness.

6.    Pursuant to United States v. Giglio, 405 U.S. 150, 92 S.Ct. 763, 321, L.Ed2d 104 (1972), Naupe v. Illinois, 360 U.S. 264, 79 S.Ct. 1173, 3 L.Ed.2d 1217 (1959), MacCray v. Illinois, 386 U.S. 300 (1967), United States v. Turbide, 558 F.2d 1053 (1977), Rosario v. United States, 299 F.2d 812 (2d Cir. 1957), please state:

    a. Whether any government informant is alleged to have participated in any of the acts alleged in the indictment, and the names and addresses of any and all such persons;

    b. Whether any government informant is alleged to have been present during any of the acts alleged in the indictment, and the name and address of any and all such persons;

    c. Whether any government informant has provided any information which led to the arrest of the defendant;

    d.     if the answer to (a), (b) or (c) above is "yes" please state:

        1.     Whether the informant was registered or not;

      2.      Whether the informant has worked for the government in the past;

      3.      Whether the informant has a prior criminal record and if so, provide it;

      4.      Whether the informant was paid for his or her efforts in this case and if so, how much;

      5.      Whether the informant has any pending cases anywhere, and if so, whether any assistance or consideration was offered or is intended by the government to be offered on behalf of the informant with respect to any pending case the informant has;

    e. Whether any government informant provided probable cause for the arrest or apprehension of the defendant or seizure of evidence, and if so please make that person available for an <u>in camera</u> inspection by the Court; and

    f. Copies of any "letter agreements" entered into, or any other agreement made between the government or its agents and any prospective informant offering assistance to the informant in obtaining leniency in any court, or lack of prosecution or arrest, or any other favorable treatment or consideration for the efforts made in connection with any aspect of this case by the informant.

7. Pursuant to the Constitutional requirements of <u>United States v. Agures</u>, 427 U.S. 97 (1977), <u>Giles v. Maryland</u>, 386 U.S. 66 (1967), and <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), please provide any exculpatory or favorable evidence or information, or any evidence or statements of anyone which may be favorable to the defendant or which may tend to exonerate him, which is in the possession or control of the government or its agents, or, if unknown and due diligence become known or acquired by the government, or its agents including, but not limited to, the following:

    a. Copies of any statement or the substance of any oral statements made by any prospective government witness, or by any co-defendant or alleged co-conspirator indicted or unindicted, which is exculpatory of, or favorable to the defendant, or which is inconsistent with any fact the government alleges with respect to the charges in the indictment;

    b. Copies of any statements or the substance of any oral statements made at any time by the defendant in which he refused to participate in the acts alleged;

    c. Copies of any reports of mental illness, drug use, excessive alcoholism, or any medical condition which would affect the ability to observe or remember an observed fact of any prospective government witness or informant; or

      d.  Reports of any statements by any prospective witness or agent or informant who, having been in a position to observe the defendant in a location relevant to the commission of the alleged crimes, failed at a later date to identify the defendant as the person who was in that location.

If you shall require additional information, please contact the undersigned. We thank you for your time and attention regarding this matter.

                Very truly yours,
                Jorge Guttlein & Associates

                By: _____
                   Jorge Guttlein, Esq.

JG/ec

cc:    **HON. Denise L. Cote**
       U. S. District Judge
       Southern District of New York
       500 Pearl Street
       New York, New York 10007

       Dismaris Castro
       11315 Summer Court, Apt C
       Tampa, FL 33612-0000